(No. 76-CV-1327—)

*In re* APPLICATION OF MARTA GARCIA DE ADAME AND JUAN ROMERO.

*Order filed May 21, 1981.*

HONORATUS LOPEZ, for Claimants.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on November 23, 1975. Marta Garcia de Adame and Juan Romero, wife and brother-in-law, respectively, of the deceased victim, Gabriel Adame, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Gabriel Adame, age 32, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: Murder. Ill. Rev. Stat. 1977, ch. 38, par. 9—1.

2. That on November 22, 1975, the victim was beaten, for no apparent reason, by an unknown offender. The incident occurred on the street at 3201 S. Lawndale, Chicago, Illinois. The victim was taken to St. Anthony Hospital where he died shortly thereafter.

3. Documents submitted by the Claimants to substantiate their claim indicated that the victim was a foreign national.

4. That the Claimant, Juan Romero, seeks compensation for funeral expenses only. He was not dependent upon the victim for support.

5. That the Claimant, Juan Romero, incurred funeral

and burial expenses as a result of the victim's death in the amount of $700.00.

6. That the Claimant, Marta Garcia de Adame, seeks compensation for loss of support for herself and her four minor children.

7. That the Claimant and her four minor children were totally dependent upon the victim for support.

8. That prior to his death, the victim was employed by International Multifoods Corporation and his average monthly earnings were $381.26.

9. That section 4 of the Act states "* * * loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

10. That the victim was 32 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1976, Life Tables, Volume II, his life expectancy would have been 68.6 years. The projected loss of support for 36.6 years is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act.

11. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

12. That the Claimants have received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

13. That the Claimants, Marta Garcia de Adame and Juan Romero have complied with all pertinent provisions of the Act regarding funeral and burial expenses and loss of support.

14. That counsel for the Claimants has been unable to furnish documentation regarding the legal alien status of the victim. It is the opinion of this Court that the definition of a person eligible for compensation under the Act relates specifically to citizens of the United States and aliens admitted to the United States under color of law. Thus, the Claimants are precluded from recovery under the Act.

It is hereby ordered that this claim be, and is, hereby denied.